Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453 to 25-3494, 25-3563, 25-3564

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CRYSTALLEX INTERNATIONAL CORPORATION, ET AL.,

*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants.*

(caption continued on following pages)

On Appeals from the United States District Court for the District of Delaware
Nos. 17-mc-151, 19-mc-79, 19-mc-290, 19-mc-342, 20-mc-257, 21-mc-18, 21-mc-46, 21-mc-481, 22-mc-68, 22-mc-69, 22-mc-131, 22-mc-156, 22-mc-263, 22-mc-264, 22-mc-347, 22-mc-453, 22-mc-464, 23-mc-298, 23-mc-340, 23-mc-378, 23-mc-379, 23-mc-397
(Hon. Leonard P. Stark, United States Circuit Judge)

## APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE CERTAIN RECORD MATERIALS UNDER SEAL

George M. Garvey
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
  50th Floor
Los Angeles, CA 90071
(213) 683-9100

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
Xiaonan April Hu
Kyle A. Schneider
Nicole R. Allicock
Andrew J. Slottje
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
  Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com

*Counsel for Bolivarian Republic of Venezuela*

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com

*Counsel for Petróleos de Venezuela, S.A.*

Nathan P. Eimer
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue
 Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com

*Counsel for PDV Holding, Inc., and CITGO Petroleum Corporation*

---

TIDEWATER INVESTMENT SRL, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

OI EUROPEAN GROUP B.V.,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

PHILLIPS PETROLEUM COMPANY VENEZUELA LTD, ET AL.,
*Plaintiffs-Appellees,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants.*

---

NORTHROP GRUMMAN SHIP SYSTEMS INC.,
*Plaintiff-Appellee,*
v.
MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

CONTRARIAN CAPITAL MANAGEMENT LLC, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

ACL1 INVESTMENTS LTD, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

RUSORO MINING LTD,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

RED TREE INVESTMENTS LLC,
*Plaintiff-Appellee,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants.*

---

KOCH MINERALS SARL, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

CONOCOPHILLIPS GULF OF PARIA B.V.,
*Plaintiff-Appellee,*
v.
CORPORACION VENEZOLANA DEL PETROLEO, ET AL.,
*Defendants-Appellants.*

---

XYQ US, LLC,
*Plaintiff-Appellee,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants.*

---

GOLD RESERVE INC.,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

CONOCOPHILLIPS PETROZUATA B.V., ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

VALORES MUNDIALES S.L., ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

RUDI LOVATI, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

Pursuant to Federal Rule of Appellate Procedure 27, Third Circuit Local Appellate Rule Misc. 106.1, and this Court's orders of January 9 and 20, 2026, Appellants the Bolivarian Republic of Venezuela, Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), and CITGO Petroleum Corp. (collectively, the "Venezuela Parties" or "VPs") move for leave to file volumes 33-48 of the Joint Appendix under seal. Appellants respectfully request that the documents remain under seal until further order of the Court. Appellants have conferred with counsel for the other parties. Gold Reserve agrees that these documents should remain under seal. Crystallex and Amber do not oppose sealing materials reflecting CITGO's confidential business information and take no position as to other materials. No other party responded or expressed disagreement.

1. On January 8, 2026, the VPs filed the Joint Appendix, designating volumes 33-48 for filing under seal. These materials were designated for inclusion in the appendix by one or more parties to the appeal, and therefore the materials are believed by the designating party or parties to provide relevant support for their positions in this appeal. *See* Fed. R. App. P. 30(a)(1); 3d Cir. L.A.R. 30.3(a). The VPs separately filed the sealed documents consistent with 3d Cir. L.A.R. 30.3(b). This Court then ordered filing of this motion. Dkt. No. 167; Dkt. No. 180.

2. The relevant volumes of the joint appendix primarily comprise documents sealed below pursuant to the confidentiality agreement entered at D.I. 1555-1 (the "Confidentiality Agreement") and the confidentiality conferral order entered at D.I. 1887 (the "Conferral Order").[1] *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (evaluating whether "the material is the kind of information that courts will protect" (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994))). Pursuant to the Confidentiality Agreement, parties were permitted to designate sensitive information produced in discovery, or relied on in briefing, as confidential or highly confidential. Pursuant to the Conferral Order, the parties were directed to confer with counsel for the Special Master if they intended to reference sale process information that the Special Master considered to be confidential (e.g., bidder identities and bid amounts) and designate that material as confidential if the Special Master so directed.

3. This Court may "rely in the first instance on the district courts to protect the legitimate public interest in filed materials." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Such reliance is appropriate here. The district court's Conferral Order reflects its balancing of public access and the parties' need for sensitive information to remain confidential.

---

[1] In addition, the sealed appendix includes transcripts to which public access is restricted according to the district court's orders.

As the district court was developing the sealed portions of the record, it consistently considered the presumption of public access when deciding to maintain documents under seal. *See, e.g.*, JA995-JA996 (docket sheet); JA4885 (oral order).

      4.     The materials sealed in the district court were sealed because one or more parties, the Special Master, and/or the court concluded that they contained "confidential business information." *Leucadia*, 998 F.2d at 166. Those materials include financial statements and forecasts, *e.g.*, JA12141-JA12142 (valuation); JA15652 (financial statement); transaction documents such as agreements and commitment letters, *e.g.*, JA11034 (stock purchase agreement); JA11392 (financing commitment letter); JA14098 (term sheet); other sale-process information, including bidder identities and negotiation history, *e.g.*, JA11822 (bidding proposal); and information concerning the Special Master's advisors including business operations, client and matter lists, and fee arrangements, *e.g.*, JA12703 (internal communications); JA12820-JA12825 (lists of engagements and fees).

      5.     Public disclosure of the sealed materials would pose a risk of concrete injury to the parties in this matter by revealing sensitive financial and proprietary business information as well as information generally held in confidence by

advisors and business organizations. *See generally* JA13295 (9/17/25 Hearing Tr.); *Cendant*, 260 F.3d at 194 (quoting *Miller*, 16 F.3d at 551).

6. The VPs have conferred with counsel for Appellees regarding this motion. Gold Reserve agrees that these documents should remain under seal. Crystallex and Amber do not oppose sealing materials reflecting CITGO's confidential business information and take no position as to other materials. No other party responded or expressed disagreement.

7. For the foregoing reasons, the VPs respectfully request that the Court grant this motion for leave to file volumes 33-48 of the Joint Appendix under seal.

Dated: January 23, 2026

George M. Garvey
M‍unger, T‍olles & O‍lson LLP
350 South Grand Avenue
  50th Floor
Los Angeles, CA 90071
(213) 683-9100

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
C‍urtis, M‍allet-P‍revost,
C‍olt & M‍osle LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com

*Counsel for Petróleos de Venezuela, S.A.*

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
Xiaonan April Hu
Kyle A. Schneider
Nicole R. Allicock
Andrew J. Slottje
M‍unger, T‍olles & O‍lson LLP
601 Massachusetts Avenue NW
  Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com

*Counsel for the Bolivarian Republic of Venezuela*

Nathan P. Eimer
Daniel D. Birk
E‍imer S‍tahl LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com

*Counsel for PDV Holding, Inc., and CITGO Petroleum Corporation*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 726 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Times New Roman.

3. The electronic copy of the Brief has been scanned for viruses by CrowdStrike Falcon Sensor and Microsoft Defender and none were detected.

Date: January 23, 2026

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2026, the foregoing document was served on all parties or their counsel of record through CM/ECF.

Dated: January 23, 2026                 */s/ Donald B. Verrilli, Jr.*
                                                 Donald B. Verrilli, Jr.