Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453 to 25-3494, 25-3563, 25-3564

—————————

## IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

—————————

CRYSTALLEX INTERNATIONAL CORPORATION,

*Plaintiff-Appellee,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants.*

—————————

Appeals From The United States District Court
For The District of Delaware
No. 1:17-mc-151-LPS, Judge Leonard P. Stark (sitting by designation)

—————————

## MOTION FOR ORDER DIRECTING COUNSEL FOR THE VENEZUELA PARTIES TO CONFIRM AUTHORITY

—————————

Robert L. Weigel
Rahim Moloo
Jason W. Myatt
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

Raymond J. DiCamillo
Jeffrey L. Moyer
Travis S. Hunter
RICHARDS, LAYTON & FINGER, P.A.
1 Rodney Square 920 N. King St.
Wilmington, DE 19801
(302) 651-7700

Miguel A. Estrada
  *Counsel of Record*
Lucas C. Townsend
Brian C. McCarty
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
(202) 955-8500

Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

*Counsel for Plaintiff-Appellee Crystallex International Corp.*

## INTRODUCTION

There is good cause to believe that counsel for the Bolivarian Republic of Venezuela and Petróleos de Venezuela, S.A. (PDVSA) lack authority to prosecute these appeals following the recognition by the United States of Delcy Rodríguez as the interim President of Venezuela, and that the Venezuela Parties may be strategically delaying advising this Court and the other parties of this development until the eve of the oral argument, so that they can again seek to delay these long-running proceedings.  To eliminate the potential for gamesmanship (and the resulting prejudice to Appellees) and in an effort to avoid the need to bring this matter to the Court's attention, Crystallex International Corporation has repeatedly sought clarification from counsel for the Venezuela Parties whether the Rodríguez government has authorized them to continue representing their respective clients.  They have failed to provide such assurances.  Crystallex thus respectfully requests an order directing each of the Venezuela Parties promptly to designate the counsel that will be representing them in these appeals, including at the oral argument on August 10, 2026.

Counsel for the Republic and PDVSA in these appeals were retained by the Venezuelan 2015 National Assembly, which the United States formerly recognized as the legitimate government of Venezuela, as well as the ad hoc board of PDVSA that the National Assembly created to manage PDVSA's assets in the United States. But in March 2026, the United States recognized Rodríguez as Venezuela's sole head of state, casting doubt on the authority of counsel retained by the no-longer-recognized 2015 National Assembly to continue representing the Venezuela Parties in U.S. courts, and particularly in these appeals.

The records of other federal courts, which this Court may judicially notice, reflect that Reinaldo Enrique Muñoz Pedroza (then the attorney general for the Rodríguez government)[1] moved swiftly after the United States's recognition to dismiss several U.S. counsel previously retained by the National Assembly in litigation involving Venezuela and PDVSA. For example, in March 2026 Muñoz Pedroza wrote to several U.S. counsel previously retained by the National Assembly—*including the attorneys*

---

[1] According to news publications, Muñoz Pedroza resigned later in March and has been replaced by Arianny Viviana Seijo Noguera, who was chief legal counsel of PDVSA prior to her appointment. Richard Mann, *Venezuela Names PDVSA Lawyer as Top Legal Officer*, The Rio Times (Mar. 25, 2026), https://tinyurl.com/2ub9juna.

*who purport to represent PDVSA in this case*—to assert that counsel lack authority to represent Venezuela in litigation because he had not granted them a mandate to do so.[2]  That letter further directed counsel to notify federal courts and third parties that they have no power to represent the interests of Venezuela and refrain from carrying out any other judicial or extrajudicial acts on behalf of Venezuela other than providing that notification.  In other cases, counsel retained by the National Assembly filed motions to stay proceedings because the Rodríguez government is working with the National Assembly to effect an orderly turnover of counsel in litigation involving Venezuela.

To avoid any similar disruption and delay, Crystallex asked counsel who have so far appeared in this case for the Venezuela Parties on May 13 to confirm whether the Rodríguez government has authorized their representations since its recognition, and that they will be prepared to

---

[2] The letter was submitted by Arnold & Porter Kaye Scholer LLP, one of the counsel that has long represented Venezuela in this case, to the U.S. District Court for the District of Columbia in support of a motion to withdraw as counsel in another case. *See* Dkt. 95, *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-00129-RC (D.D.C. May 8, 2026).  Arnold & Porter recently moved in the district court to withdraw from this case. Dkt. 2667, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (D. Del. May 11, 2026).

argue on their clients' behalf on August 10 as scheduled. Counsel for PDVH and CITGO responded on May 18 that the boards of his clients have not (yet) been reconstituted by the Rodríguez government, and on that basis suggested that he intends to appear and argue on their behalf. Counsel for Venezuela and PDVSA did not respond to the May 13 letter.

Crystallex again wrote counsel for Venezuela and PDVSA on May 27, asking them to confirm that they remain authorized to represent their respective clients in this case. Counsel for PDVSA responded on June 3—in an apparent conflict with the letter that same counsel received from Muñoz Pedroza—that he has not been instructed otherwise.[3] Counsel for Venezuela once again did not respond. Thus, neither counsel for Venezuela nor counsel for PDVSA have provided any positive assurances that they are authorized to represent the U.S.-recognized government of Venezuela or the Rodríguez-controlled PDVSA that are appellants in these appeals.

---

[3] Before responding to Crystallex's letter, counsel for PDVSA placed a private telephone call to counsel for Crystallex on May 29 to explain that he was not ignoring Crystallex's letters and hoped to have an answer soon.

These circumstances are alarming.  The Venezuela Parties have able counsel of record who have made every conceivable argument (and then some) to resist this sale as best they could.  It is difficult to imagine that the Rodríguez government could think of anything different to say, or that it would have more to add.  It should be relatively easy for that government either to ratify the authority of current counsel, or to seek prompt leave to appear through different counsel.  In the judicial sale of what Venezuela describes as the "foreign crown jewel of the Republic's oil industry," Appellants' Opening Br. 7, it beggars belief that these appeals do not have the full attention of the Venezuelan government.  It is therefore deeply concerning that counsel for the Venezuela Parties cannot provide a direct response to repeated inquiries about their authority to prosecute these appeals, even while their clients seek substitutions and engage in other motion practice in less prominent cases.  Indeed, since Venezuela has never missed an opportunity to seek to delay these enforcement proceedings, there is every reason to believe that Venezuela is intentionally preparing to do so again by waiting until the eve of argument to claim that it wishes to change counsel and needs more time to present its position.

Far from being a fanciful possibility, this tactic would merely replay the strategy Venezuela tried to use on appeal from the attachment the district court issued to Crystallex in 2018.  Following the United States's recognition of the National Assembly government in January 2019, and after the briefing in the pending appeal had concluded, Venezuela appeared in this Court through Arnold & Porter asking that all proceedings be delayed as "necessary to allow the newly installed government . . . sufficient time to evaluate its position . . . ."  Motion for Leave to Intervene and to Stay Proceedings at 1, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 18-2797 (3d Cir. Mar. 1, 2019). This Court rejected that ploy, and instead simply permitted the new government to appear at argument and to file a non-duplicative additional brief of no more than 25 pages if it wished.  Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019).

Rather than wait for the Venezuela Parties to replay the 2019 tactic on the eve of the currently scheduled argument, and to avoid potential disruption to these appeals, Crystallex respectfully requests that the Court order the Venezuela Parties to designate now the counsel that will represent them in these appeals and at the August 10 oral argument.

## ARGUMENT

Since at least March 5, 2026, the United States has recognized Delcy Rodríguez as the interim President of the Bolivarian Republic of Venezuela and the sole head of state able to act on behalf of the Republic. *See* Media Note, U.S. Dep't of State, *A Statement on U.S.-Venezuela Relations* (Mar. 5, 2026), https://tinyurl.com/smae9tux. Referring to this development, on March 7, 2026, President Trump stated that "this week we have formally recognized the Venezuelan government [under Rodríguez]" and "[w]e've actually legally recognized them." The White House, *President Trump Delivers Remarks at the Shield of the Americas Summit*, at 31:14 (Mar. 7, 2026), https://tinyurl.com/3hp8anfm.

The United States's decision to recognize Rodríguez as Venezuela's sole head of state has called into question whether attorneys retained by the no-longer-recognized Venezuelan 2015 National Assembly remain authorized to represent Venezuela and its state-owned entities in these appeals and in other cases throughout the country. The Court "may take judicial notice" of those "judicial proceedings," which "constitute public records." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

The Southern District of New York, confronted with the question of "which counsel is authorized to represent certain Venezuelan state-owned entities," invited the United States to file a statement of interest on "the authority-to-represent issue" because it "may implicate the decisions of the United States to recognize the legitimate government of Venezuela."  Dkt. 612, *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 1:16-mc-00405-LGS-SN (S.D.N.Y. Jan. 12, 2026). In response, the United States filed a letter from Ambassador Michael G. Kozak stating that "the United States is recognizing Delcy Rodriguez as the sole Head of State, able to take action on behalf of Venezuela."  Dkt. 621-1, *Stansell*, No. 1:16-mc-00405-LGS-SN (S.D.N.Y. Mar. 11, 2026). On May 8, 2026, counsel designated by "the United States-recognized administration of President Delcy Rodríguez" informed the court they would be representing PDVSA in the case, and the law firm previously retained by the National Assembly—White & Case LLP—withdrew its appearance.  Dkts. 629, 630, *Stansell*, No. 1:16-mc-00405-LGS-SN (S.D.N.Y. May 8, 2026).

The Rodríguez government has fired counsel retained by the National Assembly in several other cases involving Venezuela and

PDVSA.  Citing the United States's recognition of Rodríguez, Arnold & Porter moved to withdraw from representing Venezuela in numerous cases, attaching the March 2026 letter that it and counsel for PDVSA in this case had received from Muñoz Pedroza.  Dkt. 128-1, *Lovati v. Bolivarian Republic of Venezuela*, No. 1:19-cv-04796-ALC-VF (S.D.N.Y. May 11, 2026); *see* Dkt. 95, *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-00129-RC (D.D.C. May 8, 2026) (similar); Dkt. 45, *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 1:16-cv-02020-RJL (D.D.C. May 8, 2026) (similar).

That letter is addressed not only to Arnold & Porter (until recently, one of the Republic's counsel in this case) but also to Juan O. Perla and Joseph D. Pizzurro of Curtis, Mallet-Prevost, Colt & Mosle LLP, both of whom are purportedly counsel for PDVSA in these appeals.  Ex. 1.  That letter (as translated) instructed counsel for PDVSA that "neither you nor your law firm can claim, in any way, to represent the Republic" because Venezuela's Office of the Attorney General had not exercised its "exclusive power" to "grant[] you, or your firm, any power of attorney to represent or act on behalf of the Bolivarian Republic of Venezuela."  *Id*. The letter further instructs counsel for PDVSA to "notify the federal

9

courts of the United States of America" in which they are "pretending to be representatives of the Bolivarian Republic of Venezuela," as well as "any third party before whom you have presented yourselves as [its] purported representatives," that they "lack powers of attorney to represent the interests of the Bolivarian Republic of Venezuela." *Id.* The letter also instructs counsel for PDVSA to "refrain from carrying out any judicial or out-of-court actions in the aforementioned proceedings other than" providing "the notifications referred to." *Id.*

In other cases, counsel "retained to represent the Republic by the 2015 National Assembly of Venezuela" have moved for stays of proceedings "to allow for a transition of legal counsel." Dkt. 46, at 2-3, *Armas v. Bolivarian Republic of Venezuela*, No. 1:24-cv-02886-JMC (D.D.C. May 27, 2026); *see* Dkt. 45, *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 1:23-cv-03506-RCL (D.D.C. May 26, 2026) (same). In those cases, counsel retained by the National Assembly stated that it "understands that the government of President Rodriguez is currently working with the 2015 National Assembly for an orderly turnover of legal counsel in pending litigation for the Republic" and has requested stays "[i]n light of the official recognition of President

10

Rodriguez and the orderly counsel turnover process." Dkt. 46, at 2, *Armas*, No. 1:24-cv-02886-JMC (D.D.C. May 27, 2026).

In yet another case, counsel for PDVSA retained by "the newly recognized administration of interim President Delcy Rodríguez entered their appearances," replacing counsel retained by the National Assembly, White & Case LLP. Dkt. 46, *Kenemore v. Maduro*, No. 1:25-cv-23652-DPG (S.D. Fla. Apr. 28, 2026). The newly recognized government's replacement counsel then filed a brief urging the court to stay proceedings pending PDVSA's appeal in *Osio v. Petroleos de Venezuela, S.A. (PDVSA)*, No. 25-12365 (11th Cir.). Dkt. 58, *Kenemore*, No. 1:25-cv-23652-DPG (S.D. Fla. May 22, 2026).

The United States's recognition of Rodríguez as Venezuela's sole head of state and the resulting turnover in its litigation counsel have thus created significant uncertainty over whether counsel for the Venezuela Parties in these appeals retain authority to represent their respective clients. Counsel for the Venezuela Parties previously stated in these appeals that they "represent[] the 2015 National Assembly here." Appellants' Opening Br. 8. To Crystallex's knowledge, the Rodríguez government has not made any public statement recognizing and

11

accepting continued representation by counsel for the Venezuela Parties in these appeals. To the contrary, as already noted, the Rodríguez government sent a letter to counsel for PDVSA in this case stating that it has no authority to represent the interests of the Republic in any way. If counsel for the Venezuela Parties are no longer authorized to represent their respective clients in these appeals, a belated announcement of that fact could result in disruption of these appeals and further delay in these already-long-delayed judgment-enforcement proceedings.

To avoid that possibility, Crystallex asked counsel for the Venezuela Parties to advise whether they continue to represent their respective clients in these appeals. Ex. 2. Counsel for PDVH and CITGO responded that "neither the Board of Directors nor the management of my clients PDV Holding or CITGO have changed since the recognition of the Interim Government in Venezuela." Ex. 3. And counsel for Venezuela and PDVSA did not respond to Crystallex's first inquiry, so it again asked them to confirm whether they remain authorized to represent their clients, emphasizing that Venezuela and PDVSA are the Venezuela Parties "most immediately affected by the United States's recognition of Delcy Rodríguez" and that Venezuela and PDVSA are "the

12

entities with the power to reconstitute the PDVH and CITGO boards," and thus also determine who may represent PDVH and CITGO in these proceedings. Ex. 4; *see Jiménez v. Palacios*, 250 A.3d 814, 819-20 (Del. Ch. 2019) (holding that the U.S.-recognized President of Venezuela has the power to appoint the board of PDVSA and thus indirectly determine the composition of the boards of PDVH and CITGO).

In response to Crystallex's second letter, counsel for PDVSA stated only that "we have not been instructed otherwise"—in apparent conflict with the letter he received from Muñoz Pedroza—and counsel for Venezuela did not respond at all. Ex. 5.

Because counsel for the Venezuela Parties have not confirmed that they have been authorized by the Rodríguez government or Rodríguez-controlled board of PDVSA to represent their clients in these appeals, the Court should order the Venezuela Parties to designate promptly the counsel authorized to represent them. *See* Dkt. 133, *Lovati*, No. 1:19-cv-04796-ALC-VF (S.D.N.Y. May 19, 2026) (ordering Venezuela to "obtain new counsel … with the authority to speak on the Republic's behalf").

It should not be difficult for the Venezuela Parties to do so. They could authorize current counsel to continue representing them. Or the

13

Rodríguez government could designate replacement counsel, which it has already done in less-prominent cases where it fired counsel retained by the 2015 National Assembly. *See, e.g.*, Dkt. 629, *Stansell*, No. 1:16-mc-00405-LGS-SN (S.D.N.Y. May 8, 2026); Dkt. 46, at 2, *Kenemore*, No. 1:25-cv-23652-DPG (S.D. Fla. Apr. 28, 2026).

Nor is there any doubt that the Rodríguez government is closely following these proceedings, which involve the judicial sale of the parent company of CITGO, which Venezuela describes as the "foreign crown jewel of the Republic's oil industry." Appellants' Opening Br. 7. Indeed, given that Rodríguez has publicly criticized on state television what she has called the "'fraudulent' and 'forced' sale" of PDVH and "energetically reject[ed] the decision" below, authorizing counsel to represent the Venezuela Parties in these appeals should be a top priority for her government. Reuters, *Venezuela rejects sale of Citgo's parent, vice president says* (Dec. 2, 2025), https://tinyurl.com/2n7d7edu.

To prevent the Venezuela Parties from waiting until the eve of argument to request new counsel or leave to submit briefing reflecting the views of the Rodríguez government, the Court should order them to designate promptly the counsel that will be representing them in these

appeals.    They should request leave to submit any additional nonduplicative briefing as soon as possible and with an opportunity for the other parties in these appeals to respond well before oral argument in August.

## CONCLUSION

The Court should order the Venezuela Parties to designate counsel authorized to represent them in this matter, including at the August 10 oral argument.

15

June 5, 2026                                      Respectfully submitted,

                                                 */s/ Miguel A. Estrada*

Robert L. Weigel                                 Miguel A. Estrada
Rahim Moloo                                          *Counsel of Record*
Jason W. Myatt                                   Lucas C. Townsend
Zachary Kady                                     Brian C. McCarty
GIBSON, DUNN & CRUTCHER LLP                      GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue                                  1700 M Street, N.W.
New York, NY 10166                               Washington, DC 20036
(212) 351-4000                                   (202) 955-8500


Raymond J. DiCamillo                             Patrick J. Fuster
Jeffrey L. Moyer                                 GIBSON, DUNN & CRUTCHER LLP
Travis S. Hunter                                 333 South Grand Avenue
RICHARDS, LAYTON & FINGER, P.A.                  Los Angeles, CA 90071
1 Rodney Square 920 N. King St.                  (213) 229-7000
Wilmington, DE 19801
(302) 651-7700

*Counsel for Plaintiff-Appellee Crystallex International Corporation*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,033 words, excluding the parts of the brief exempted by Rule 32(f).

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point New Century Schoolbook font.

3.      The electronic copy of this document has been scanned with version 7.29.20108.0 of CrowdStrike Falcon Sensor and is free of viruses.

June 5, 2026

/s/ *Miguel A. Estrada*
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June 2026, the foregoing document was served on all parties or their counsel of record via the Court's CM/ECF system.

June 5, 2026

*/s/ Miguel A. Estrada*
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500