Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453 to 25-3494, 25-3563 & 25-3564

# In the United States Court of Appeals for the Third Circuit

CRYSTALLEX INTERNATIONAL CORPORATION, ET AL.,

*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants.*

Appeal from the United States District Court for the District of Delaware, Nos. 17-mc-151, 19-mc-79, 19-mc-290, 19-mc-342, 20-mc-257, 21-mc-18, 21-mc-46, 21-mc-481, 22-mc-68, 22-mc-69, 22-mc-131, 22-mc-156, 22-mc-263, 22-mc-264, 22-mc-347, 22-mc-453, 22-mc-464, 23-mc-298, 23-mc-340, 23-mc-378, 23-mc-379, 23-mc-397 (Stark, J.)

## APPELLANT VENEZUELA'S MOTION TO CONTINUE ORAL ARGUMENT FOR 60 DAYS

Daniel Pulecio-Boek
Dominic E. Draye
Nicholas LeFevre
GREENBERG TRAURIG, LLP
2101 L Street NW
Washington, DC 20037
(202) 331-3100
drayed@gtlaw.com

*Counsel for Appellant Bolivarian Republic of Venezuela*

_____

TIDEWATER INVESTMENT SRL, ET AL.,
*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

OI EUROPEAN GROUP B.V.,
*Plaintiff-Appellee,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

PHILLIPS PETROLEUM COMPANY VENEZUELA LTD, ET AL.,
*Plaintiffs-Appellees,*

v.

PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants.*

_____

NORTHROP GRUMMAN SHIP SYSTEMS INC.,
*Plaintiff-Appellee,*

v.

MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, ET
AL.,
*Defendants-Appellants.*

_____

CONTRARIAN CAPITAL MANAGEMENT LLC, ET AL.,
*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

ACL1 INVESTMENTS LTD, ET AL.,
*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

RUSORO MINING LTD,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

—————————————————————

RED TREE INVESTMENTS LLC,
*Plaintiff-Appellee,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants.*

—————————————————————

KOCH MINERALS SARL, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

—————————————————————

CONOCOPHILLIPS GULF OF PARIA B.V.,
*Plaintiff-Appellee,*
v.
CORPORACION VENEZOLANA DEL PETROLEO, ET AL.,
*Defendants-Appellants.*

—————————————————————

XYQ US, LLC,
*Plaintiff-Appellee,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants.*

—————————————————————

GOLD RESERVE INC.,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

—————————————————————

CONOCOPHILLIPS PETROZUATA B.V., ET AL.,
*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

VALORES MUNDIALES S.L., ET AL.,
*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

RUDI LOVATI, ET AL.,
*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,
*Plaintiff-Appellee,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,
*Plaintiff-Appellee,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

_____

## INTRODUCTION

This is an extraordinary case. It includes dozens of individual claims against America's newest ally and attempts to force the sale of a multi-billion-dollar state-owned corporation operating in the United States. This litigation has unfolded across two recognized governments in the Republic of Venezuela and an interim chapter in which the United States did not recognize any government at all. It is no exaggeration to say that this case is unlike any other. To afford the newly recognized government and its counsel—retained just last week—time to review the arguments and decide whether to pursue all of them, this Court should continue oral argument for 60 days.

From 2019 until several months ago, the United States recognized the 2015 National Assembly as the official government of the Republic of Venezuela. The 2015 National Assembly dissolved in 2022. It never exerted any power in Venezuela and had no control over the Republic's state-owned companies or their assets. Control and management of the country instead was in the hands of the government led by former President Nicolas Maduro. The U.S. government captured Maduro on January 3, 2026. Two months later, the United States recognized the

1

government led by President Delcy Rodriguez. Needless to say, the transition was abrupt. And the list of issues requiring President Rodriguez's attention was long.

Among the issues greeting the new president a few months ago was a portfolio of U.S. litigation involving the Republic and state-owned entities. Attorney General Arianny Viviana Seijo Noguera has worked diligently to assess those cases, evaluate the arguments that have been presented to date, and locate successor counsel. This litigation is among the most complex that President Rodriguez's government inherited. Its procedural posture involves not only matters of liability, but also the idiosyncratic process for attaching assets under U.S. law—to say nothing of the related litigation over bonds currently pending in the Second Circuit.

The Republic only hired undersigned counsel on June 3, 2026—just two days before Crystallex filed its motion seeking an update on the status of the Republic's representation. Doc. 252-1.

Because of the complexity of this case and its importance to Venezuela's future, the Republic hereby moves pursuant to Federal Rule of Appellate Procedure 27 and Local Appellate Rule 34.2 for a 60-day

continuance of oral argument. After more than eight years of litigation, this modest extension will not prejudice any party, but it will allow the Republic and its newly retained counsel to become familiar with the issues in this appeal and decide which, if any, positions to revise or abandon. The Republic will advise the Court in 30 days if it will take any substantive positions that differ from those in its current briefs. If any differences exist—and they might not—the Republic accepts Crystallex's suggestion that the best approach is the one previously employed by this Court, when it permitted a 25-page brief addressed solely to differences in legal position. Doc. 252-1 at 6 (citing Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019)). The Republic has no objection to Appellees filing a responsive brief similarly focused on any changed positions.

## ARGUMENT

Federal Rule of Appellate Procedure 34(b) provides that "[a] motion to postpone [an] argument . . . must be filed reasonably in advance of the hearing date." If a motion is filed sufficiently in advance of oral argument, Local Appellate Rule 34.2 requires the movant demonstrate "good cause" for a continuance.

As to the first requirement, oral argument is two months away, and the Republic files this motion one week after retaining new counsel in this matter. The motion thus is "filed reasonably in advance of oral argument." Crystallex suggests in its Motion for Order Directing Counsel for the Venezuela Parties to Confirm Authority that the Republic took too long to hire successor counsel. *See* Doc. 252-1 at 14. In a normal case between two private parties, that argument might be successful. But under the extraordinary circumstances of this case, it falls short. Just five months ago, President Rodriguez ascended to power after the United States military captured Nicolas Maduro. In that time, her government has re-established diplomatic relations with the United States and begun the herculean task of addressing the many consequences flowing from decades of sanctions and isolation. This litigation is among those consequences, and Attorney General Arianny Viviana Seijo Noguera has made it a priority. Even then, hiring counsel is not a matter of opening a phonebook. With nearly 50 consolidated cases, locating counsel without conflicts was itself cause for some delay. Still, the Republic succeeded in retaining counsel and makes this motion reasonably in advance of the scheduled argument.

On the second requirement, the unique circumstances of this case establish good cause for 60 additional days in which to assess arguments and become familiar with the case. The change of leadership in Venezuela a few months ago was not the smooth transition of power to which Americans are accustomed. Maduro's removal was abrupt, and the United States' recognition of President Rodriguez's government was the first time since this appeal began that diplomatic recognition was extended to the government in control of Venezuela's state-run companies. The Executive Branch treats President Rodriguez's government as a complete reset of U.S.-Venezuela relations. *Read the Complete Transcript of Trump's 2026 State of the Union*, Associated Press (Feb. 25, 2026), https://apnews.com/article/donald-trump-transcript-state-of-union-2026-c13e2a07df999b464b733f4a6e84dbd4 ("A bright new beginning for the people of Venezuela. We're working closely with the new president of Venezuela, Delcy Rodriguez, to unleash extraordinary economic gains for both of our countries and to bring new hope to those who have suffered so terribly."); *A Statement of U.S.-Venezuela Relations*, U.S. Dep't of State (Mar. 5, 2026), https://www.state.gov/releases/office-of-the-spokesperson/2026/03/a-statement-on-u-s-venezuela-relations/

5

("The United States and Venezuela's interim authorities have agreed to re-establish diplomatic and consular relations. This step will facilitate our joint efforts to promote stability, support economic recovery, and advance political reconciliation in Venezuela.").

This Court should extend a similar measure of comity, both in recognition of recent events in Venezuela and out of respect for the Executive Branch's diplomatic efforts. The courts have long deferred to the Executive's recognition of foreign governments, which is a political rather than a legal question. *Guaranty Tr. Co. v. United States*, 304 U.S. 126, 137–38 (1938). The courts extend to recognized foreign governments various common-law immunities as well as the ability to bring suit in U.S. courts. *Id.* Those same principles of comity, together with respect for the Executive's efforts to foster diplomatic relationships with the Rodriguez government and support Venezuela's path to economic recovery, constitute good cause for a 60-day continuance of oral argument.

The Republic does not make this motion for purposes of delay or in bad faith. To the contrary, it desires only to exercise reasonable diligence in assessing the arguments made by the previous "*ad hoc*" government,

6

which lacked any practical authority.  As noted above, the Republic will advise the Court within 30 days if it desires to take a different position on any significant point of law.  It has no intention of filing redundant arguments, which the Court rightly discouraged in the earlier appeal. Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019).  If the Republic changes any position, Appellees should, of course, be permitted to respond.

## CONCLUSION

Under the extraordinary circumstances of this case, a 60-day continuance of the oral argument currently set for August 10, 2026, is just and reasonable.  The Court should grant the motion.

June 11, 2026

Respectfully submitted,

*/s/ Dominic E. Draye*
Daniel Pulecio-Boek
Dominic E. Draye
Nicholas LeFevre
GREENBERG TRAURIG, LLP
2101 L Street NW
Washington, DC 20037
(202) 331-3100
drayed@gtlaw.com

*Counsel for the Bolivarian
Republic of Venezuela*

7

## CERTIFICATE OF COMPLIANCE

1.   This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,236 words, excluding the parts of the motion exempted by Rule 32(f).

2.   This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century type.

3.   As required by L.A.R. 31.1(c), Windows Defender (Antivirus Version 1.435.25.0) ran on this document and found no viruses.

/s/ *Dominic E. Draye*
Dominic E. Draye

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on June 11, 2026. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Dominic E. Draye*
Dominic E. Draye