**Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363**

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CRYSTALLEX INTERNATIONAL CORPORATION,

*Plaintiff-Appellee.*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant-Appellant*,

Appeals from the United States District Court
for the District of Delaware, No. 1:17-mc-151-LPS
Before the Honorable Judge Leonard P. Stark (sitting by designation)

## RESPONSE OF CONOCOPHILLIPS APPELLEES TO VENEZUELA'S MOTION FOR 60-DAY CONTINUANCE OF ORAL ARGUMENT

GARRETT B. MORITZ
KEVIN A. RUDOLPH
ROSS ARONSTAM & MORITZ LLP
1313 N. Market St., Suite 1001
Wilmington, DE  19801
(302) 576-1600

MARCUS J. GREEN
MICHAEL S. KIM
KOBRE & KIM LLP
800 Third Ave., 6th Floor
New York, NY  10022
(212) 488-1200

AMY R. WOLF
RICHARD G. MASON
MICHAEL H. CASSEL
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

# RESPONSE

Together with Crystallex and the Venezuela Parties, ConocoPhillips[1] served as one of the "Sale Process Parties" in the proceedings below, parties appointed by the district court to work closely with the court-appointed special master and his advisors to design and implement the sale process. ConocoPhillips believes that Venezuela's motion for a continuance of the oral argument should be denied largely for the reasons set forth in Crystallex's opposition, Dkt. 262,[2] as well as the following additional reasons.

One of the most difficult issues that the Special Master and the Sale Process Parties confronted in designing the rules of the sale process was selecting the period of time for which bidders would be required to hold open their bid if selected. All parties knew that there would inevitably be appeals from any sale order the district court entered, and a meaningful possibility that either a stay pending appeal or its functional equivalent (in the form of regulators deciding to await resolution of the appeals) would delay the ultimate closing of the transaction.

The potential for a lengthy interval between a bid's selection and the ultimate closing of a transaction exposed bidders to significant risks and expense.

---

[1] The ConocoPhillips Appellees are ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., Phillips Petroleum Company Venezuela Limited, and ConocoPhillips Gulf of Paria B.V.

[2] Citations to the docket refer to the appellate docket in No. 25-3347. Citations to JA refer to the Joint Appendix filed at Dkt. 158-59.

As one example, nearly all of the bids submitted during the sale process involved the use of debt financing to fund some of the purchase price. For good reason, the rules of the sale process mandated that bidders relying on debt financing had to have *committed* financing—but obtaining billions of dollars in debt financing commitments from commercial banks that then must remain in place for over a year is remarkably expensive. *See generally* Dkt. 75, Goff Decl. ¶ 4. Another risk to bidders was the dead-hand control issue; during the period between selection and closing, the existing management would remain in place, and that management team might not be aligned with the purchaser's objectives. And, moreover, refining enterprises such as CITGO are cyclical businesses, meaning that their value substantially fluctuates based on unpredictable economic conditions. Requiring bids to be held open for an extended period exposed bidders to greater risk of unfavorable economic developments in the interim.

The parties ultimately settled on requiring bidders to keep their bid open for 12 months, with two automatic 60-day extensions in the event of delayed regulatory approvals (the "Outside Date"). *See* JA5647, JA5621. That period was intended to balance the competing objectives of making the sale process sufficiently attractive that potential purchasers would be willing to participate (and thereby maximizing the value that would ultimately be obtained), ensuring that the Venezuela Parties and potentially other appellants would have a fair opportunity

2

for their appeals to be heard without extreme expedition, and also attempting to make the transaction capable of surviving modest delays in the appellate process or in obtaining the necessary regulatory approvals.

The Outside Date for the Amber Transaction is March 18, 2027, at which point Amber Energy is free to walk away, and all parties are free to argue to the district court that the Special Master should be directed to terminate the Stock Purchase Agreement. *See* JA0538–0539. Postponing the oral argument into October 2026 therefore makes it more likely that the Sale Order could be effectively subverted merely by delay in the resolution of these appeals.

Beyond the potential for substantial prejudice to the appellees, the Venezuela Parties are unlikely to suffer significant prejudice from adhering to the current schedule. Throughout this process, Venezuela has been represented by highly competent counsel, including a former Solicitor General of the United States, to oppose the sale as best they could. Although the recognized government in Venezuela may have changed, the legal positions of the previously recognized authorities remain fully binding in these proceedings. *See OI European Group B.V.* v. *Bolivarian Republic of Venezuela*, 73 F.4th 157, 169–70 (3d Cir. 2023); *Republic of Iraq* v. *ABB AG*, 768 F.3d 145, 163–64 (2d Cir. 2014) ("Our law has long recognized that the legal position of a foreign state survives changes in its government."). In any event, there remains ample time before August 10 for the

new government to provide its input without delaying the oral argument or the ultimate resolution of these appeals.

Accordingly, ConocoPhillips agrees with Crystallex that Venezuela should, at most, be permitted to raise any new, non-duplicative arguments in a 25-page brief by no later than July 10, and that the motion should otherwise be denied.

Respectfully submitted,

/s/ *Amy R. Wolf*
AMY R. WOLF
RICHARD G. MASON
MICHAEL H. CASSEL
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

MARCUS J. GREEN
MICHAEL S. KIM
KOBRE & KIM LLP
800 Third Ave.
6th Floor
New York, NY  10022
(212) 488-1200

/s/ *Garrett B. Moritz*
GARRETT B. MORITZ
KEVIN A. RUDOLPH
ROSS ARONSTAM & MORITZ LLP
1313 N. Market St.
Suite 1001
Wilmington, DE  19801
(302) 576-1600

*Counsel for the ConocoPhillips Appellees*

4

## CERTIFICATION OF BAR MEMBERSHIP (LAR 46.1)

Pursuant to Third Circuit Local Appellate Rule 46.1, I, Garrett B. Moritz, hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

/s/ *Garrett B. Moritz*
GARRETT B. MORITZ

June 16, 2026

# CERTIFICATE OF COMPLIANCE

1.      This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 779 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.      This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman font.

3.      This response complies with this Court's Rule 31.1(c) because the text of the electronic brief and paper copies is identical to the text in the paper document, and the document has been scanned with CrowdStrike and free of viruses.

/s/ *Garrett B. Moritz*
GARRETT B. MORITZ

June 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ *Garrett B. Moritz*
GARRETT B. MORITZ

June 16, 2026