Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453, 25-3494,
25-3563, 25-3564

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

————————————

CRYSTALLEX INTERNATIONAL CORPORATION, ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

————————————

On Appeal from the U.S. District Court for the District of Delaware

————————————

## APPELLEE AMBER ENERGY INC.'S RESPONSE TO VENEZUELA'S
## MOTION TO CONTINUE ORAL ARGUMENT

————————————

ANDREW J. ROSSMAN
SUSHEEL KIRPALANI
DAVID M. COOPER
OWEN ROBERTS
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016

JOHN BASH
MATTHEW R. SCHECK
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701

PAUL D. CLEMENT
ERIN E. MURPHY
C. HARKER RHODES IV
JEFFREY C. THALHOFER*
ILAN J. POSNER
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are
members of the Virginia bar

*Counsel for Amber Energy Inc.*
*(additional counsel on inside cover)*

June 16, 2026

Michael A. Barlow
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
500 Delaware Avenue, Suite 1400
Wilmington, DE 19801

i

**INTRODUCTION**

This expedited appeal has been fully briefed since March 2. Just days ago, *after* learning that Venezuela would be changing attorneys, this Court confirmed that the appeal "will remain scheduled for argument on August 10, 2026." Dkt.256. Undeterred, and with argument still two months away, Venezuela moved three hours later to delay argument another sixty days, citing the possibility that it may want to make new arguments not in the briefs (and perhaps not in the briefs filed below). Dkt.257. This Court should deny that motion, which would inject inefficiency into the appellate process, jeopardize a judicially approved sale, and prejudice the parties who have worked steadfastly to provide some measure of satisfaction to judgment creditors of Venezuela and its alter ego, Petróleos de Venezuela, S.A. ("PDVSA").

This Court "will grant a motion requesting rescheduling of the argument only where the moving party shows extraordinary circumstances," 3d Cir. L.A.R. 34.1(d), and Venezuela cannot do so. *First*, Venezuela's presumption that it can, at this late date, "take a different position on any significant point of law" from the arguments for reversal that it has already briefed, Dkt.257 at 7, is simply incorrect. Courts uniformly reject efforts, including by Venezuela itself, to use changes in political control or recognition to avoid the consequences of prior litigation. Venezuela is free to consider "whether to pursue all of [the arguments]" it has offered to date, Dkt.257 at 1; it is not free to add arguments in contravention of appellate procedure.

1

*Second*, the prejudice to Amber Energy Inc. ("Amber") and other litigants would be substantial. Every month that passes without closing adds millions of dollars of unrecoverable costs, imposes irreparable harm by depriving Amber of control over hugely important refinery improvement projects and safety processes, fractures continuity of the management that oversees the safety of employees, the community, and the environment, and harms litigants', franchisees', and the public's interest in finality. Venezuela's request that this Court not hear argument until October would push any decision past the contract's initial outside date, making the sale contingent on a series of potentially impracticable extensions and necessitating the re-filing or extension of antitrust approvals. There is no good cause for a delay that could practically undermine a sale Venezuela has no legal basis to prevent.

*Third*, the timing and circumstances of this motion further demonstrate the absence of good cause. The motion is too late to support a finding of good cause for delay because the change in the United States' recognition occurred "several months ago." Dkt.257 at 1. And in any event, the many weeks before August 10, 2026, provide more than enough time to accommodate counsel's getting up to speed and making whatever limited adjustments Venezuela could validly make. If the Court were inclined to permit any additional filing, there is still ample time for Venezuela to inform this Court of any arguments for reversal it no longer intends to pursue, and for the parties to respond as needed. The argument need not and should not move.

2

**ARGUMENT**

**I.    VENEZUELA CANNOT "TAKE A DIFFERENT POSITION ON ANY SIGNIFICANT POINT OF LAW" TO ARGUE FOR REVERSAL**

Venezuela presumes, incorrectly, that the United States government's decision to recognize the Rodriguez government affords Venezuela a do-over in pending litigation.  To the contrary, Venezuela remains bound to its prior positions, including argument waiver.  Like any appellant, Venezuela may drop arguments it no longer wishes to pursue, but it cannot add or change arguments it presented.

It is well established that a change in the body that governs a sovereign does not change the effect of prior litigation against or by that sovereign.  *See, e.g.*, *Venezuela US SRL v. Bolivarian Rep. of Venezuela*, 789 F. Supp. 3d 1, 13-14 (D.D.C. 2025) ("Generally speaking, the legal position of a foreign state survives changes in its governments, and the obligations of a foreign state are unimpaired by a change in the state's government."); *Rep. of Iraq v. ABB AG*, 768 F.3d 145, 163-64 (2d Cir. 2014) ("Our law has long recognized that the legal position of a foreign state survives changes in its government. . . . [T]he rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent it, when a foreign government changes, the nation remains, with rights and obligations unimpaired.").  Venezuela may no more "take a different position on any significant point of law" because a new government has been recognized, Dkt.257 at 7, than it may avoid substantive obligations incurred by a prior government.

3

This Court's intervention decision in a prior appeal, *see* Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019), provides no support for granting Venezuela's motion. There, Venezuela was appearing for the first time, and sought a stay while it did so, citing a change in recognition by the United States. Venezuela's Motion to Proceed as Intervenor, *Crystallex*, No. 18-2797 (3d Cir. Mar. 1, 2019). This Court permitted Venezuela to intervene to make its positions known in the first instance, not to alter positions it had already taken. Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019). And the Court ordered Venezuela to file those positions within 14 days, while refusing to adjourn a non-expedited argument that was less than a month away. *Id.* This Court did not continue oral argument, invite Venezuela to change positions it had briefed, or adopt the unduly slow schedule Venezuela now seeks.

Venezuela's invocation of comity (Dkt.257 at 6) has no bearing on whether this Court should discard basic appellate procedure. Nothing about the elevation and recognition of President Rodriguez's government calls into question whether "arguments not raised before the District Court are waived on appeal," *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 308 n.5 (3d Cir. 2023), or "an appellant waives an argument in support of reversal if it is not raised in the opening brief" on appeal, *Keystone-Conemaugh Projects LLC v. EPA*, 100 F.4th 434, 447 n.8 (3d Cir. 2024). This Court can "defer[] to the Executive's recognition of foreign governments," Dkt.257 at 6, while holding foreign sovereigns to their legal positions. Indeed,

4

*Guaranty Tr. Co. of N.Y. v. United States*, 304 U.S. 126 (1938), the only authority related to comity that Venezuela cites, recognized (1) that "the rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent it," *id.* at 137, and (2) that while the executive branch determines what foreign government to recognize, the courts are "free to draw for themselves its legal consequences in litigations pending before them," *id.* at 138. If comity were a carte blanche, sovereigns would be moving targets in U.S. courts.

A change in control or recognition of Venezuela's government provides no grounds to reopen the district court record or the appellate briefing. To the contrary, precedent establishes that the newly recognized government of Venezuela cannot ignore the actions, positions, or other choices of prior recognized governments.

## II.   A CONTINUANCE WOULD SEVERELY AND UNFAIRLY PREJUDICE AMBER AND OTHER LITIGANTS

Ignoring the fact that this appeal has already been expedited—including at the request of Venezuela itself, *see* Dkt.87 at 1—to address the harms of undue delay, Venezuela blithely asserts that pushing the argument to mid-October and permitting Venezuela to introduce new substantive legal positions "will not prejudice any party." Dkt.257 at 3. That could not be further from the truth, and the serious prejudice a continuance threatens is reason enough to deny Venezuela's motion.

As Amber established months ago, every month that passes without the closing of the sale of the PDVH Shares (a sale Venezuela may still ask this Court to

5

stay until decision, *see* Dkt.111) imposes millions of dollars of debt ticking fees, crude oil prepayments, and duplicative administrative costs. Dkt.109 at 3-5. Amber stands no prospect of recovering these amounts, nor the cost to monitor whether CITGO, whose current ownership has little motivation to worry about its future purchaser's concerns, complies with the Stock Purchase Agreement and Sale Order amidst corporate governance changes that followed President Rodriguez's elevation.

Delay also imposes unquantifiable, irreparable harms. CITGO's performance cries out for major operational changes, but until the sale closes, Amber has little control over major capital projects that are locking in vast amounts of irreversible spend. *Id.* at 7-8. Amber is likewise prevented from overseeing critically important refinery maintenance events that, if implemented incorrectly, can lead to cost overruns and extended refinery downtime. *Id.* at 9-10. CITGO's CFO announced his departure in June,[1] and any further delay, and associated uncertainty around CITGO's ownership, risks the loss of other key employees. Loss of key employees not only threatens disruption to Citgo's management and increases costs, but it heightens the risk of safety and operational mishaps. Regulatory approvals Amber has already obtained may expire, adding further uncertainty.

Further delay would also come at the cost of the writholders that have waited

---

[1] *See* Naomi Klinge, *NextDecade Hires Citgo Executive as CFO After Eight-month Search,* HOUSTON BUSINESS JOURNAL (June 8, 2026).

years for compensation. CITGO's franchisees and employees would continue to suffer from the uncertainty created by this appeal. The public's interest in CITGO's stability and in seeing judgments honored would similarly be undermined.

Venezuela's requested delay would even risk the deal certainty that, as the district court recognized, is a critical component of any winning bid. The Initial Outside Date for the transaction is September 19, 2026, a deadline the contract only anticipates extending twice. *See* SPA § 8.1(b). Pushing the argument and decision into or beyond the extension periods could risk the termination of the SPA and, in turn, the related obligations of lenders, writholders, and 2020 Bondholders.

That delay would be prejudicial is obvious from this Court's order expediting the appeal, yet Venezuela utterly fails to address any of the several forms of serious prejudice further delay would cause. That does not demonstrate good cause.

## III. THIS MOTION IS TOO LATE, UNWARRANTED, AND YET ANOTHER EXAMPLE OF VENEZUELA'S EFFORTS TO EVADE CREDITORS AND OBSTRUCT THE SALE

Venezuela's latest gambit is just another installment in a long-running series of attempts to slow or prevent any resolution of a judicial sale process that will unavoidably result in Venezuela and PDVSA losing PDVH and CITGO. Venezuela has argued for a stay on innumerable occasions, petitioned for mandamus on four occasions, and attempted to disqualify the Special Master and/or his advisors on five occasions. *See* Dkt.187 at 6. Those attempts all failed, as should this motion.

7

Against that background, and based on the specific facts of this case, the motion arrives both too late and too early for Venezuela to show good cause.

The motion comes too late because, despite "the complexity of this case and its importance to Venezuela's future," Dkt.257 at 2, Venezuela waited *months* after the recognition of a new government to take any action whatsoever on this appeal. There is no reason to believe that it would have broken its silence about new counsel before the last moment if this Court had not forced its hand. That delay reeks of the gamesmanship Crystallex identified—"waiting until the eve of argument to claim that it wishes to change counsel." Dkt.252-1 at 5. At minimum, it betrays a lack of urgency that is incompatible with the extraordinary relief and delay the motion seeks.

And the motion is unwarranted because there is more than enough time between June 3 (when Venezuela hired its replacement counsel, Dkt.257 at 2) and August 10 for counsel to get up to speed and prepare any necessary filings. This Court ordered appellants to file opening briefs just 24 days after it set a scheduling order, Dkt.111, and previously gave Venezuela just 14 days to announce any positions it intended to advance after intervening, Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019). Venezuela's capable new counsel do not need months to read the briefing and advise Venezuela on what arguments to withdraw. Thus, if the Court is inclined to receive any further submissions, it should order Venezuela to identify arguments it no longer intends to pursue within two weeks of Venezuela's

8

motion (Thursday, June 25), and other litigants to file response briefs, if necessary, two weeks later (Thursday, July 9). And the argument should not move.

## CONCLUSION

This Court should deny Venezuela's motion and continue with the existing oral argument schedule.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td><u>s/Paul D. Clement</u></td></tr>
<tr><td>ANDREW J. ROSSMAN</td><td>PAUL D. CLEMENT</td></tr>
<tr><td>SUSHEEL KIRPALANI</td><td>ERIN E. MURPHY</td></tr>
<tr><td>DAVID M. COOPER</td><td>C. HARKER RHODES IV</td></tr>
<tr><td>OWEN ROBERTS</td><td>JEFFREY C. THALHOFER*</td></tr>
<tr><td>QUINN EMANUEL URQUHART</td><td>ILAN J. POSNER</td></tr>
<tr><td>& SULLIVAN, LLP</td><td>CLEMENT & MURPHY, PLLC</td></tr>
<tr><td>295 Fifth Avenue</td><td>706 Duke Street</td></tr>
<tr><td>New York, NY 10016</td><td>Alexandria, VA 22314</td></tr>
<tr><td></td><td>(202) 742-8900</td></tr>
<tr><td>JOHN BASH</td><td>paul.clement@clementmurphy.com</td></tr>
<tr><td>MATTHEW R. SCHECK</td><td></td></tr>
</table>

ANDREW J. ROSSMAN
SUSHEEL KIRPALANI
DAVID M. COOPER
OWEN ROBERTS
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016

JOHN BASH
MATTHEW R. SCHECK
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701

MICHAEL A. BARLOW
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
500 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Respectfully submitted,

<u>s/Paul D. Clement</u>
PAUL D. CLEMENT
ERIN E. MURPHY
C. HARKER RHODES IV
JEFFREY C. THALHOFER*
ILAN J. POSNER
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Amber Energy Inc.*

June 16, 2026

**CERTIFICATE OF BAR MEMBERSHIP**

The undersigned hereby certifies pursuant to L.A.R. 46.1 that the lead attorney whose name appears on the foregoing brief was duly admitted to the Bar of the United States Court of Appeals for the Third Circuit and is presently a member in good standing of the Bar of said court.

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT**

The undersigned hereby certifies that this brief complies with the type-volume requirements and limitations of Fed. R. App. P. 27(d). Specifically, this brief contains 2,056 words in 14-point Times New Roman font.

**IDENTICAL PDF AND HARD COPY CERTIFICATE**

The undersigned hereby certifies that this brief complies with L.A.R. 31.1(c) because the text of the electronic brief is identical to the text in the paper copies.

**VIRUS SCAN CERTIFICATE**

The undersigned hereby certifies that this brief complies with L.A.R. 31.1(c) because the virus detection program SentinelOne, version 22.2.4.558, has been run on the file and no virus was detected.

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement
