

Dominic E. Draye
Tel 202.331.3168
drayed@gtlaw.com

July 2, 2026

Patricia S. Dodszuweit
Clerk of the Court U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 25-3347
      & Consolidated Cases
      Response to Appellee's Notice of Supplemental Authority

Dear Ms. Dodszuweit:

On June 29, Appellee Crystallex International Corp. filed a 28(j) letter calling the Court's attention to *Pung v. Isabella County*, 609 U.S. ___ (2026), which has almost nothing to do with this case. *Pung* concerns the irrelevant topic of "just compensation" for a Fifth Amendment taking and assumes circumstances not present here, namely a fair process.

*Pung* addressed how to measure "just compensation" under the Takings Clause when property is forcibly sold to pay back taxes. The Court's reasoning rests almost entirely on a historical analysis of tax sales "[s]ince the time of Magna Carta." Op. 4–8, 10. Because the current case does not entail a tax debt, and because the parties seeking to loot Venezuela's most valuable foreign asset are private rather than governmental, the original meaning of "just compensation" in the Takings Clause plays no part in this case.

Substantively, Crystallex uses *Pung* to attack a straw man. Appellants do not argue that only a fair-market-value sale would satisfy Delaware law. Instead, Appellants argue that the sale price is "grossly inadequate," *Burge v. Fid. Bond & Mortg. Co.*, 648 A.2d 414, 419 (Del. 1994), because it is billions of dollars below fair market value. OB § III(B)–(C). But *Pung* is helpful for its insistence that even a below-market-value tax sale must be "fairly conducted."

Patricia S. Dodszuweit
July 2, 2026
Page 2


Op. 1, 4; *accord id.* at 11 (rejecting an "unfair process" or "sham sale").  The sale here was unfair because it endeavored to sell assets to satisfy ultra vires writs of attachment (OB § I), resulted in a winning bidder whose legal counsel simultaneously advised the officer conducting the sale (OB § II), and was marked with myriad errors in implementation (OB § III).

As for Crystallex's effort to invoke *Pung* to argue that Venezuela could have sold the PDVH shares itself to pay debts it owes or pledged the shares as collateral for a loan—rather than have them forcibly sold—that argument is baseless.  U.S. sanctions barred any sale of the PDVH shares.  31 C.F.R. § 591.201.

Respectfully submitted,

Dominic E. Draye
*Counsel for Appellant*
*The Bolivarian Republic of Venezuela*


cc: All counsel of record (via ECF)

Compliance Statement: I certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) because it contains 340 words.