Nos. 25-3347, 25-3348, 25-3349, 25-3350 & 25-3363

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

CRYSTALLEX INTERNATIONAL CORPORATION

v.

BOLIVARIAN REPUBLIC OF VENEZUELA

Bolivarian Republic of Venezuela, Appellant in No. 25-3347
PDV Holding, Inc., Appellant in No. 25-3348
CITGO Petroleum Corporation, Appellant in No. 25-3349
Petróleos de Venezuela, S.A., Appellant in No. 25-3350
Gold Reserve Ltd., Appellant in No. 25-3363

On Appeals of an Order of the
United States District Court for the District of Delaware
No. 17-mc-151-LPS (Hon. Leonard P. Stark)

**RESPONSE OF APPELLANT GOLD RESERVE LTD.
TO MOTION TO HOLD APPEAL IN ABEYANCE**

MATTHEW H. KIRTLAND
NORTON ROSE FULBRIGHT US LLP
799 Ninth Street NW, Suite 1000
Washington, DC 20001
(202) 662-0200

AARON M. PANNER
DANIEL S. SEVERSON
DENNIS D. HOWE
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7921

*Counsel for Appellant Gold Reserve Ltd.*

October 7, 2026

*(Additional Counsel Listed Inside)*

KEVIN J. MANGAN
MATTHEW P. WARD
STEPHANIE SMIERTKA RILEY
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

MICHAEL BOWE
TYLER PURINTON
BRITHEM LLP
565 Fifth Avenue
New York, NY 10017
(646) 653-9173

*Counsel for Appellant*
*Gold Reserve Ltd.*

## RESPONSE TO MOTION TO HOLD APPEAL IN ABEYANCE

Gold Reserve supports Venezuela's motion to hold this appeal in abeyance (Dkt. 278-1 "VZ Mot."), subject to concurrent support from the United States. As one of Venezuela's major creditors – with a claim exceeding $1.2 billion – Gold Reserve has a compelling interest in a process that will maximize creditors' recovery. Indeed, the statutory purpose of the sale process under review was to satisfy as many claims as possible – a purpose that a substantively and procedurally unlawful process utterly failed to serve. Today, the best prospect for prompt and fair resolution of creditors' claims lies in a purchase led by the owner, Venezuela, and supported by the U.S. Administration, that satisfies all claims in the Delaware process. By holding the appeal in abeyance for a limited time, this Court can encourage focused efforts to move forward with a Venezuelan-led solution, supported by the U.S. Administration.

As against this compelling interest, only the putative winning bidder Elliott/Amber (and perhaps the small number of creditors who would immediately benefit from a Citgo fire sale) has an interest in avoiding a more comprehensive solution that restructuring could provide, as they would – in the (we believe unlikely) event of affirmance – obtain a historic windfall. But that interest deserves no weight in the balancing. As was clear from the time the district court approved the Special Master's recommendation, Elliott's bid for Citgo was

woefully undervalued – and the present facts on the ground emphasize the outrageous injustice of allowing Elliott's sale to be consummated. Elliott's bid for Citgo is only $5.9 billion – even when that bid was accepted, Gold Reserve's bid exceeded that amount by $2 billion. Today, Citgo has in excess of $5 billion of *cash* on hand, *see* VZ Mot. at 4, and this amount will materially increase during the period from present to any closing on Elliott's bid. That means that Elliott would be obtaining Citgo virtually *for free*. In considering the abeyance petition, the Court should further consider the undisputed facts that Citgo is one of North America's largest oil refiners and projects an EBITDA of *$5.8 billion* in *2026 alone*. *See id.*

To be sure, Gold Reserve has confidence that, in light of the defects in the sale process, the Elliott bid will never be consummated. But further proceedings on appeal and on remand are not necessarily the best way to promote prompt resolution of creditors' claims.

By contrast, a limited abeyance offers the promise of real progress towards a resolution that will meaningfully benefit the maximum number of creditors (and Venezuela). As Venezuela explains in its motion, *see id.*, dramatic changes in the earnings and cash available at Citgo result in meaningful changes to the value of the assets and the ability to finance repayment and compromise of all claims in the Delaware waterfall. Moreover, in the international context, Venezuela has the

desire and incentive to re-engage with the international financial community and the means to pursue meaningful debt restructuring for the first time in many years, if not decades.

This Court has appropriately asked for the views of the United States; if the government supports Venezuela's motion to hold the appeal in abeyance, that should be practically dispositive and will certainly be instructive to Gold Reserve. The United States' bold move to remove Maduro on January 3rd of this year has dramatically shifted the opportunities available to Venezuela and its people and the possibilities for Citgo and the creditors in the Delaware waterfall. Venezuela has represented to the Court that an abeyance of six months will provide it sufficient time to be able to demonstrate meaningful progress towards restructuring and providing a comprehensive solution for the Delaware waterfall. Given the protracted litigation that has already taken place – Gold Reserve filed its notice of appeal more than 10 months ago, and district court proceedings lasted several years – a limited abeyance is far more likely to promote the interests of all attached creditors, to say nothing of the other interests implicated by this appeal, than prompt reversal of the district court's judgment could do.

## CONCLUSION

Venezuela's Motion To Hold Appeal in Abeyance should be granted.

Respectfully submitted,

/s/ *Aaron M. Panner*

MATTHEW H. KIRTLAND
NORTON ROSE FULBRIGHT US LLP
799 Ninth Street NW, Suite 1000
Washington, DC 20001
(202) 662-0200
matthew.kirtland@
nortonrosefulbright.com

AARON M. PANNER
DANIEL S. SEVERSON
DENNIS D. HOWE
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7921
apanner@kellogghansen.com
dseverson@kellogghansen.com
dhowe@kellogghansen.com

KEVIN J. MANGAN
MATTHEW P. WARD
STEPHANIE SMIERTKA RILEY
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320
kevin.mangan@wbd-us.com
matthew.ward@wbd-us.com
stephanie.riley@wbd-us.com

MICHAEL BOWE
TYLER PURINTON
BRITHEM LLP
565 Fifth Avenue
New York, NY 10017
(646) 653-9173
mbowe@brithem.com
purinton@brithem.com

*Counsel for Appellant Gold Reserve Ltd.*

October 7, 2026

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 690 words, as certified by the word-count function of the word-processing system (Microsoft Office Word 365) used to prepare the document.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), and 3d Circuit L.A.R. 32.1(c), because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

3. In addition, pursuant to 3d Circuit L.A.R. 31.1(c), the undersigned hereby certifies that a virus detection program (CrowdStrike) has been run on the electronic file, and that no virus was detected.

Dated: October 7, 2026

/s/ *Aaron M. Panner*
Aaron M. Panner
*Counsel for Appellant*
*Gold Reserve Ltd.*

## CERTIFICATE OF FILING AND SERVICE

I certify that, on October 7, 2026, the foregoing Response of Appellant Gold Reserve Ltd. to the Motion To Hold Appeal in Abeyance was filed electronically with the Clerk of Court and served on counsel of record through CM/ECF.

Dated: October 7, 2026

/s/ *Aaron M. Panner*
Aaron M. Panner
*Counsel for Appellant*
*Gold Reserve Ltd.*

**CERTIFICATE OF BAR MEMBERSHIP**

Pursuant to 3d Circuit L.A.R. 28.3(d) and 46.1, I, Aaron M. Panner, hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Dated: October 7, 2026

/s/ *Aaron M. Panner*
Aaron M. Panner
*Counsel for Appellant*
*Gold Reserve Ltd.*