Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453 to 25-3494, 25-3563, 25-3564

**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

CRYSTALLEX INTERNATIONAL CORPORATION,

*Plaintiff-Appellee*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

On Appeals From The United States District Court
For The District of Delaware
No. 1:17-mc-151-LPS, Judge Leonard P. Stark (sitting by designation)

# RESPONSE OF PLAINTIFFS-APPELLEES TIDEWATER INVESTMENT SRL AND TIDEWATER CARIBE, S.A. TO THE VENEZUELA PARTIES' MOTION TO HOLD APPEAL IN ABEYANCE

Andrew S. Dupre
Brian R. Lemon
AKERMAN LLP
222 Delaware Avenue
Suite 1710
Wilmington, DE 19801
(302) 596-9200

Miguel López Forastier
*Counsel of Record*
Amanda Tuninetti
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5185

*Counsel for Plaintiffs-Appellees Tidewater Investment SRL and Tidewater Caribe, S.A.*

---

TIDEWATER INVESTMENT SRL, ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

OI EUROPEAN GROUP, B.V.,

*Plaintiff-Appellee*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

PHILLIPS PETROLEUM COMPANY VENEZUELA LTD., ET AL.,

*Plaintiffs-Appellees*,

v.

PETROLEOS DE VENEZUELA S.A., ET AL.,

*Defendants-Appellants*.

---

NORTHROP GRUMMAN SHIP SYSTEMS INC.,

*Plaintiff-Appellee*,

v.

MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

CONTRARIAN CAPITAL MANAGEMENT LLC, ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

---

ACL1 INVESTMENTS LTD., ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

RUSORO MINING LTD.,

*Plaintiff-Appellee*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

RED TREE INVESTMENTS LLC,

*Plaintiff-Appellee*,

v.

PETROLEOS DE VENEZUELA S.A., ET AL.,

*Defendants-Appellants*.

---

KOCH MINERALS SARL, ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

CONOCOPHILLIPS GULF OF PARIA B.V.,

*Plaintiff-Appellee*,

v.

CORPORACION VENEZOLANA DEL PETROLEO, ET AL.,

*Defendants-Appellants*.

---

---

XYQ US, LLC,

*Plaintiff-Appellee/Appellant*,

v.

PETROLEOS DE VENEZUELA S.A., ET AL.,

*Defendants-Appellants*.

---

GOLD RESERVE INC.,

*Plaintiff-Appellee/Appellant*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

CONOCOPHILLIPS PETROZUATA B.V., ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

VALORES MUNDIALES S.L., ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

RUDI LOVATI, ET AL.,

*Plaintiffs-Appellees*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

---

GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,

*Plaintiff-Appellee*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,

*Plaintiff-Appellee*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants*.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Third Circuit L.A.R. 26.1.1(b), Tidewater Caribe, S.A. and Tidewater Investment SRL each disclose that Tidewater Inc. (NYSE: TDW) is the only parent company holding a 10% or greater ownership interest in their shares.

# TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. Venezuela Has Not Carried Its Burden to Justify an Indefinite Stay........ 3

II. A Stay Is Not Warranted Under Venezuela's Own Test........ 4

A. An Abeyance Would Substantially Prejudice Tidewater. ........ 5

B. Deciding These Fully Briefed Appeals Conserves Resources........ 8

C. Venezuela's Foreign-Policy Arguments Also Fail to Support a Stay. ........ 11

CONCLUSION ........ 16

## INTRODUCTION

Plaintiffs-Appellees Tidewater Investment SRL and Tidewater Caribe, S.A. (collectively, "Tidewater") oppose Venezuela's Motion to Hold Appeal in Abeyance and PDVSA's Joinder in that Motion. After more than ten months of litigating this expedited appeal, the Venezuela Parties now ask the Court, on the eve of oral argument, to suspend it indefinitely. Their motion offers no legitimate basis for such extraordinary relief and would serve only to delay resolution of an appeal that is fully briefed and ripe for adjudication. The Court should deny the motion, hear argument as scheduled, and decide the appeal.

## ARGUMENT

Venezuela's motion fails for four reasons. *First*, Venezuela has not satisfied its burden to justify an indefinite stay. It makes no independent showing of likely success on appeal. Nor does it identify any cognizable harm apart from the consequences of an allegedly unlawful sale process, which is the central question already before the Court. With oral argument just weeks away, there is no basis to halt this expedited appeal rather than decide it.

*Second*, the requested stay would unfairly prejudice Tidewater. Tidewater has spent more than a decade pursuing compensation for Venezuela's unlawful expropriation of Tidewater's property in 2009, while Venezuela has repeatedly sought to hinder and delay those efforts. The present motion continues that pattern.

*Third*, Venezuela's claim that a stay would promote judicial economy turns reality on its head. These appeals are at the final stage of the appellate process. Putting them on hold indefinitely would not conserve judicial resources but frustrate the efficient resolution of disputes that are ready for decision.

*Fourth*, Venezuela's appeal to international comity is unavailing. A press release announcing Venezuela's intention to commence a restructuring process is not a foreign act or proceeding to which this Court may defer: it alters no creditor's rights and establishes no alternative forum in which Tidewater's credit might be paid. In any event, comity is a judicial practice designed to facilitate convenience and expediency, both of which would be undermined by Venezuela's requested stay.

## I. Venezuela Has Not Carried Its Burden to Justify an Indefinite Stay.

Regardless of the label Venezuela attaches to its request, it seeks what is, in substance, a stay of these proceedings. Accordingly, Venezuela's request must be assessed under the factors governing such relief. *Nken v. Holder*, 556 U.S. 418, 421, 428 (2009). Venezuela concedes as much by relying on *Nken* for the Court's "inherent" authority to hold cases in abeyance. Appellant Venezuela's Mot. to Hold Appeal in Abeyance 11 ("Mot."), Dkt. No. 278-1 (quoting *Nken*, 556 U.S. at 426).

Under *Nken*, the Court "considers four factors: '(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). A stay "is not a matter of right," and the movant "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34 (citation omitted).

Venezuela does not address — let alone satisfy — the stay factors. At best, Venezuela gestures obliquely at the first by suggesting that it

will prevail on the merits "for reasons explained in Appellants' briefs." Mot. at 1. But a cross-reference to prior merits briefing falls short of the "strong showing" required to warrant extraordinary relief. Nor does Venezuela establish irreparable harm. Its sole asserted injury, "the Republic's interest in retaining its refining company," *id.* at 14, does not establish irreparable injury, much less any injury that would outweigh the injury to Venezuela's creditors seeking recovery in this proceeding or the public interest. Further, both points rest on the same premise: that the sale process was unfair or unlawful. Those issues have been fully briefed and will be argued on October 21. The sensible course is to decide them, not to stay argument at the eleventh hour.

## II. A Stay Is Not Warranted Under Venezuela's Own Test.

Venezuela predicates its request upon "the optimal use of judicial resources as well as the 'competing interests' of the parties." Mot. at 11 (quoting *Utah v. EPA*, 2025 WL 1354371, at *1 (D.C. Cir. May 2, 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). Venezuela's motion falls short of even its own framework.

### A. An Abeyance Would Substantially Prejudice Tidewater.

Under its own authorities, Venezuela must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to some one else." *Landis*, 299 U.S. at 255. Venezuela cannot satisfy that standard. The requested stay would substantially prejudice creditors such as Tidewater, whose assets and operations Venezuela forcefully seized in 2009. After prevailing in arbitration, Tidewater has diligently sought compensation in U.S. courts since 2017. *See* Tidewater Br. 1–2, Dkt. No. 197. Having already waited almost two decades to receive compensation, Tidewater should not be forced to endure yet another indefinite delay.

Venezuela contends that the Sale Order unfairly favors Crystallex and produces a "windfall" for Amber. Mot. at 3–4, 11, 13–14. If any party has enjoyed a windfall, it is Venezuela, which expropriated Tidewater's assets and operations in 2009 without paying compensation and has continued to reap the benefit of those assets while resisting Tidewater's efforts to recover on its judgment. Venezuela's argument also ignores the interests of the many judgment creditors — including Tidewater, the

second-most-senior creditor in this proceeding — whose claims would be satisfied through the sale. *See* Op. 31, Dkt. No. 10-2. Moreover, Tidewater is not merely a creditor asserting a claim against Venezuela. It is an attached judgment creditor whose rights have already been adjudicated and incorporated into the sale process. Granting an indefinite stay would suspend the enforcement of those established rights and effectively subordinate Tidewater's established rights to the interests of creditors who have not obtained comparable remedies — allowing Venezuela to continue evading payment. Each day of delay deprives Tidewater of the time value of its valid, final judgment, compounding the significant costs it has already incurred in recognition, attachment, and sale proceedings.

Tidewater's prejudice is especially acute because Venezuela offers nothing in return: no payment, no assurances about creditors' treatment in any restructuring, and no "bond or other security" upon which the Court may condition a suspension of enforcement. Fed. R. App. P. 8(a)(2)(E); *see generally* Mot. at 4, 9–10, 17–20. Venezuela asks its creditors to bear all the costs of delay while it retains unfettered discretion over whether, when, and on what terms to restructure its debt.

Its request thus rests entirely on a leap of faith: that Venezuela will eventually pursue a restructuring process that will be timely, fair, and beneficial to creditors, notwithstanding the absence of any binding commitment to do so.

On the other side of the ledger, Venezuela identifies no cognizable "hardship or inequity" in going forward. *Landis*, 299 U.S. at 255. The motion appears to assume that suspending these appeals is necessary to permit a restructuring. But Venezuela is free to restructure its obligations while this appeal proceeds, even if the Sale Order is upheld. Nothing in its press release suggests that the restructuring process depends upon CITGO or upon avoiding Venezuela's obligations to these creditors. Mot. Ex. A at 1–2. To the contrary, Venezuela announced that process during the pendency of these appeals, while the Sale Order remained in effect.

Venezuela's observation that "litigation is a costly and distracting process," Mot. at 12, is equally true for Tidewater. In any event, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *FTC v. Standard Oil Co. of Cal.*, 449 U.S.

232, 244 (1980) (citation omitted); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 746 (2023).

### B. Deciding These Fully Briefed Appeals Conserves Resources.

The indefinite stay Venezuela seeks would frustrate, not promote, judicial economy. This appeal has been pending for ten months, is fully briefed, and is set to be heard on October 21. The Court can then resolve the merits arguments that are the basis for Venezuela's claim of irreparable injury. Venezuela's stay would circumvent that efficient disposition by halting these appeals on the eve of argument and postponing creditors' recovery indefinitely.

Venezuela's "principal authority," Mot. at 15 (citing *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850 (2d Cir. 1997)), proves the point. In *Pravin*, the Second Circuit agreed that a six-month stay to permit completion of a foreign liquidation proceeding "would not significantly harm United States interests," but an "indefinite stay to allow Peru to complete its efforts to renegotiate its foreign debt" would. 109 F.3d at 855. Venezuela tries to distinguish *Pravin* by arguing that "the Republic is not seeking an indefinite abeyance" and "has just begun its restructuring efforts," Mot. at 17, but neither distinction holds.

Like the stay denied in *Pravin*, Venezuela's requested stay is open-ended and identifies no objective milestone that would trigger the resumption of appellate proceedings. And Venezuela only recently announced its purported restructuring process. The May 2026 press release presents no restructuring; it simply states that the Republic *would* "present its macroeconomic framework and public debt sustainability analysis to the international financial community in June 2026." *Id.* Ex. A at 2. Yet the motion says nothing about whether that presentation occurred, what it entailed, what progress has followed, whether attached judgment creditors will be treated differently from general creditors, or how any of these purported developments justify staying these appeals. As in *Pravin*, the Court should deny an indefinite stay absent a bond "in the full amount of the judgment." 109 F.3d at 854.

Nor is it an answer that appellees may later argue that the updates "show inadequate progress" and that the Court may "reassess the abeyance" if the process "has stalled." Mot. at 17, 19. An order that "is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done." *Landis*, 299 U.S. at

257. And requiring appellees to seek that relief would "make them shoulder a burden that should be carried by" the movant. *Id.*

Nor would abeyance save the Court the trouble of resolving issues that may become moot. Mot. at 18–19. Venezuela offers no evidence that its purported restructuring will settle the interests at issue in this case. It points to no agreement with Tidewater (or any other creditor) for satisfaction or consensual resolution of their judgments, nor does it identify any proposal reasonably likely to produce such an outcome.[1]

After nearly a decade of litigation in U.S. courts and nearly three years of sale proceedings — in which the parties have invested enormous resources and incurred more than $100 million in costs associated with the court-appointed Special Master and his advisors — these appeals have been fully briefed since March and are set for argument on October 21, 2026. An indefinite stay at this late stage would not conserve judicial

[1] Venezuela's analogy to abeyances granted when U.S. administrations change, Mot. at 5, is inapposite. In *Utah*, the respondent agency itself intended to reconsider the challenged rule — a "complete reversal of course" that "would likely moot" the appeal — petitioners did not oppose abeyance, and the rule had already been stayed. 2025 WL 1354371, at *2–3. Here, Venezuela has no power to revise the judgments or the attachments, the creditors oppose the motion, and the delay Venezuela seeks has no end date.

resources; it would squander them by placing years of litigation and months of appellate proceedings into indefinite limbo. The most efficient course is the obvious one: hear argument as scheduled and decide the appeal on the merits.

### C. Venezuela's Foreign-Policy Arguments Also Fail to Support a Stay.

Venezuela's invocation of comity, Mot. at 14–17, cannot bear the weight Venezuela places upon it. Comity "is not a rule of law, but one of practice, convenience, and expediency." *Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A.*, 44 F.3d 187, 192 (3d Cir. 1994) (quotation omitted). It "cannot compel a domestic court to uphold foreign interests at the expense of the public policies of the forum state." *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 75 (3d Cir. 1994).

Even if comity alone could justify a stay, Venezuela has not shown that it applies here. A party seeking a stay in deference to a foreign insolvency process must, at a minimum, show that such a proceeding exists, that the foreign tribunal shares the U.S. "policy of equal distribution of assets," and that "the foreign law mandates the issuance or at least authorizes the request for the stay." *Philadelphia Gear*, 44

F.3d at 193–94; *see also Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004) (comity-based abstention turns in part on "the adequacy of the alternative forum"). Venezuela makes none of these showings. It relies solely on a press release announcing an intention to pursue a restructuring process at some future date. Mot. Ex. A.

The distinction between this case and Venezuela's other sovereign-debt authority, *Hamilton Reserve Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 2023 WL 7180683 (S.D.N.Y. Nov. 1, 2023), *see* Mot. at 15, 17, confirms the point. In *Hamilton Reserve*, the court stayed a bondholder's summary-judgment motion through a fixed date, emphasizing that the stay "[wa]s not indefinite" and accompanied an IMF-supported program and "collective and ongoing negotiations" with creditors. 2023 WL 7180683, at *4, *6. Even then, the court reiterated that U.S. policy "requires that debts remain enforceable throughout the negotiations." *Id.* at *5 (quoting *Pravin*, 109 F.3d at 855) (emphasis omitted).

This case is nothing like *Hamilton Reserve*. That stay was for a fixed term, entered before judgment, and accompanied active negotiations with creditors within an established restructuring

framework. Here, Tidewater's judgment was entered in 2019, Venezuela seeks an indefinite stay, and no creditor negotiations are taking place. Unlike creditors participating in prospective restructuring discussions, Tidewater already holds a final, attached judgment obtained through years of litigation. Nor has Venezuela identified any restructuring mechanism reasonably likely to satisfy Tidewater's credit. OFAC's General License No. 58, Mot. at 17, does not change the analysis: it authorizes legal and advisory services for a potential restructuring, *id.* at 8–9, and says nothing about suspending enforcement of existing judgments.

Venezuela's reliance on the "sensitive issues" raised by suits against foreign sovereigns, *id.* at 14 (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983)), cuts against a stay. "The Executive Branch and Congress have primacy in foreign relations, and if those branches of government determine that preventing litigation against [Venezuela], or requiring creditors to participate in a restructuring or centralized claims process, is appropriate, they have the tools to do so." *Casa Express Corp. v. Bolivarian Republic of Venez.*, 492 F. Supp. 3d 222, 229 (S.D.N.Y. 2020).

Further, as *Verlinden* explains, Congress addressed those sensitivities through the Foreign Sovereign Immunities Act, which "comprehensively regulat[es] the amenability of foreign nations to suit" and specifies "the circumstances under which attachment and execution may be obtained." 461 U.S. at 488, 493, 495 n.22. The balance between respect for foreign sovereigns and the rights of judgment creditors is thus struck by statute, not by ad hoc appeals to comity. Where, as here, the statutory requirements are satisfied, a foreign state is liable "in the same manner and to the same extent as a private individual." *Id.* at 495 n.22 (quoting 28 U.S.C. § 1606).

Finally, Venezuela's motion relies on the United States' recognition of the Rodríguez government in March 2026 and subsequent changes in the U.S.-Venezuela relationship, Mot. at 5–10, 12–14. Those factual developments have no bearing on the validity of Tidewater's attachment or the issues on appeal. The judgment debtor is the Bolivarian Republic of Venezuela, and a change in the government representing a state does not affect the obligations of the state itself. *See Guar. Tr. Co. of N.Y. v. United States*, 304 U.S. 126, 137 (1938) ("[T]he rights of a sovereign state are vested in the state rather than in any particular government which

may purport to represent it[.]”). Recognition determines who may speak for the state in litigation, *id.* at 137–38, but it does not alter the state’s substantive obligations.

Venezuela’s assertion that this is the first time since 2019 that its “legitimate government” could participate in U.S. litigation, Mot. at 5, is false. Venezuela has been represented throughout this litigation by preeminent counsel acting for the then-U.S.-recognized government — Venezuela’s legitimate government as a matter of U.S. law. *See* Opposed Mot. for Stay Pending Appeal 3–4, Dkt. No. 10-1. The United States’ subsequent recognition of a different government leaves “unaffected those legal consequences of the previous recognition . . . which attached to action taken here prior to the later recognition.” *Guar. Tr.*, 304 U.S. at 141. Accordingly, there is no basis to discount Venezuela’s prior participation in these proceedings or to treat the prior representation as anything other than representation of the Republic itself. Nor has the change in Venezuela’s government produced any change in Venezuela’s position on the issues under appeal: the current government has expressly adopted the prior government’s merits briefing. *See* Status Rep., Dkt. No. 274; Mot. at 1.

## CONCLUSION

The Court should deny Venezuela's motion.

October 8, 2026

Respectfully submitted,

*<u>/s/ Miguel López Forastier</u>*

Miguel López Forastier
*Counsel of Record*
Amanda Tuninetti
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5185

Andrew S. Dupre
Brian R. Lemon
AKERMAN LLP
222 Delaware Avenue
Suite 1710
Wilmington, DE 19801
(302) 596-9200

*Counsel for Plaintiffs-Appellees Tidewater Investment SRL and Tidewater Caribe, S.A.*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that at least one attorney whose name appears on this response is a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

October 8, 2026

*<u>/s/ Miguel López Forastier</u>*

Miguel López Forastier
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5185

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,930 words, excluding the parts of the brief exempted by Rule 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook font.

3. This brief complies with this Court's Rule 31.1(c) because the document has been scanned with version 7.29.20108.0 of CrowdStrike Falcon Sensor and is free of viruses.

October 8, 2026

*/s/ Miguel López Forastier*

Miguel López Forastier
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5185

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2026, I caused the foregoing response to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the Court's CM/ECF system. I further certify that service was accomplished on all parties via the Court's CM/ECF system.

October 8, 2026

/s/ *Miguel López Forastier*

Miguel López Forastier
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5185