Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453 to 25-3494, 25-3563 & 25-3564

# In the United States Court of Appeals for the Third Circuit

CRYSTALLEX INTERNATIONAL CORPORATION, ET AL.,

*Plaintiffs-Appellees,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants.*

Appeal from the United States District Court for the District of Delaware, Nos. 17-mc-151, 19-mc-79, 19-mc-290, 19-mc-342, 20-mc-257, 21-mc-18, 21-mc-46, 21-mc-481, 22-mc-68, 22-mc-69, 22-mc-131, 22-mc-156, 22-mc-263, 22-mc-264, 22-mc-347, 22-mc-453, 22-mc-464, 23-mc-298, 23-mc-340, 23-mc-378, 23-mc-379, 23-mc-397 (Stark, J.)

## REPLY IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE

Daniel Pulecio-Boek
Dominic E. Draye
Nicholas LeFevre
GREENBERG TRAURIG, LLP
2101 L Street NW
Washington, DC 20037
(202) 331-3100
drayed@gtlaw.com

*Counsel for Appellant Bolivarian Republic of Venezuela*

TIDEWATER INVESTMENT SRL, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

OI EUROPEAN GROUP B.V.,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

PHILLIPS PETROLEUM COMPANY VENEZUELA LTD, ET AL.,
*Plaintiffs-Appellees,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants*.

NORTHROP GRUMMAN SHIP SYSTEMS INC.,
*Plaintiff-Appellee,*
v.
MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

CONTRARIAN CAPITAL MANAGEMENT LLC, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

ACL1 INVESTMENTS LTD, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

RUSORO MINING LTD,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

---

RED TREE INVESTMENTS LLC,
*Plaintiff-Appellee,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants*.

---

KOCH MINERALS SARL, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

---

CONOCOPHILLIPS GULF OF PARIA B.V.,
*Plaintiff-Appellee,*
v.
CORPORACION VENEZOLANA DEL PETROLEO, ET AL.,
*Defendants-Appellants*.

---

XYQ US, LLC,
*Plaintiff-Appellee,*
v.
PETROLEOS DE VENEZUELA S.A., ET AL.,
*Defendants-Appellants*.

---

GOLD RESERVE INC.,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants*.

---

CONOCOPHILLIPS PETROZUATA B.V., ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

VALORES MUNDIALES S.L., ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

RUDI LOVATI, ET AL.,
*Plaintiffs-Appellees,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,
*Plaintiff-Appellee,*
v.
BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,
*Defendants-Appellants.*

---

## INTRODUCTION

Amber and Crystallex continue to presume bad faith. President Rodriguez's government did not expropriate any creditor property, nor did it participate in this litigation until a few months ago. Further, President Rodriguez has worked to restore Venezuela-U.S. relations. Those efforts have made debt restructuring a reality for the first time in years. CITGO has $5 billion in available cash and is positioned to generate billions of dollars in additional dividends each year. In just the seven-month period from January to July 2026, the sale of Venezuela's crude oil filled a trust fund managed by the United States with more than $13 billion. Spencer Kimball, *Trump Says U.S. has Sold More than $13 Billion from Venezuela Oil Since Maduro Capture* (July 27, 2026), https://tinyurl.com/ybscs7xv. The present circumstances for Venezuela are so drastically different that significant creditors in this litigation—Gold Reserve Ltd. and XYQ US, LLC—now recognize that restructuring is the best possibility for a comprehensive solution. Dkt. 295 at 5; Dkt. 299 at 3.

Their observation is astute. The current sale approved by the district court was improper as a matter of law, marred by conflicts of

interest, and resulted in a shockingly low sale price. The sale injures all Venezuelans and imperils the country's ability to access revenue that would aid in its recovery efforts while benefitting a handful of creditors who rushed to the courthouse and giving Amber a windfall.

For those reasons, the Republic is confident that the sale will not survive this Court's scrutiny. But proceeding with litigation wastes judicial resources and subjects a U.S. ally to judicial proceedings that might well be unnecessary. Better to hold this appeal in abeyance and give President Rodriguez's government time to organize the complex process that is sovereign debt restructuring.

## ARGUMENT

Amber and Crystallex raise two principal arguments. First, they contend that Venezuela's request is a dilatory tactic. Second, they argue that international comity does not support an abeyance. Neither argument withstands scrutiny.

### 1. Venezuela's Request is Not Dilatory

Venezuela's abeyance motion explains why the request is made in good faith. Dkt. 278-1 at 11–14. Amber and Crystallex nevertheless contend that Venezuela seeks an abeyance merely to delay these

proceedings beyond April 2027, when the financing agreement between Amber and the 2020 Bondholders may expire. Dkt. 296 at 12; Dkt. 297 at 4. That contention rests on several flawed premises.

First, Amber and Crystallex presume they will prevail on the merits. Venezuela's prior briefing explains why that assumption is incorrect. Among other things, there is no reason to believe that this Court will diverge from the four circuits that have applied state alter-ego standards to attachments under Rule 69. Dkt. 223 at 7–8. Nor is this Court likely to disregard the serious conflicts of interest between the Special Master's advisors and Amber's parent company, Elliott, or the shockingly low price at which the district court approved the sale of CITGO. Dkt. 278-1 at 4.

Second, irrespective of who prevails on the merits, this case will continue past April 2027 even if an abeyance is not granted. This Court might well need the six months remaining on Amber's financing agreement to craft its opinion. Then, whichever side is aggrieved will almost certainly seek rehearing en banc and/or petition the Supreme Court for certiorari. April 2027 thus will come and go regardless of what happens with the abeyance.

And finally, Amber and Crystallex overstate the peril. April 2027 merely marks when Amber and the 2020 Bondholders must mutually agree to ***extend*** their financing agreement. JA8259.

**2. International Comity Favors an Abeyance**

Venezuela's motion further explains why international comity favors an abeyance. Dkt. 278-1 at 14–17. Amber and Crystallex respond that Venezuela's restructuring efforts are not sufficiently advanced to warrant comity and that an OFAC license approving the sale will protect U.S. foreign policy interests. Dkts. 296 at 14; Dkt. 297 at 12. On that latter point, by Amber's own admission, it is not close to obtaining a license. Greg Goff & Paul Foster, *The Treasury Can Set CITGO Free*, WSJ Op. (Apr. 23, 2026), https://tinyurl.com/t2japbek. An abeyance, therefore, would not conflict with a pending OFAC approval because no such approval is forthcoming. The U.S. government is focused on supporting the Venezuelan economy and its debt restructuring. Dkt. 278-1 at 6–9, 17.

Next, comity does not depend on a particular stage of restructuring. Comity principles apply whenever U.S. litigation involves a foreign sovereign. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43

F.3d 65, 75 (3d Cir. 1994) (explaining federal courts must always "tailor their remedies carefully to avoid undue interference with domestic activities of other sovereign nations"). Moreover, Venezuela's restructuring efforts are well underway. *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997) (explaining international comity, at the latest, comes into play once restructuring negotiations are underway). And periodic status reports allow the Court to change course if circumstances change.

Finally, Amber and Crystallex's argument that restructuring will not affect secured attachments similarly misses the mark. Venezuela has committed itself to engaging with "***all*** creditor groups." Dkt. 278-2 at 2. An abeyance simply gives it time to undertake those discussions.

## CONCLUSION

The Court should grant Venezuela's motion and order periodic status reports every six months.

Respectfully submitted October 13, 2026.

*<u>/s/ Dominic E. Draye</u>*
Daniel Pulecio-Boek
Dominic E. Draye

Nicholas LeFevre
GREENBERG TRAURIG, LLP
2101 L Street NW
Washington, DC 20037
(202) 331-3100
drayed@gtlaw.com

*Counsel for Appellant Bolivarian Republic of Venezuela*

## CERTIFICATE OF COMPLIANCE

1. This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and this Court's order of October 5, 2026 because it is 877 words and five pages in length, excluding the parts of the motion exempted by Rule 32(f).

2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook type.

3. As required by L.A.R. 31.1(c), Windows Defender (Antivirus Version 1.435.25.0) ran on this document and found no viruses.

/s/ *Dominic E. Draye*
Dominic E. Draye

**CERTIFICATE OF BAR MEMBERSHIP**

This reply complies with Local Appellate Rule 28.3(d) because the attorney whose name appears on the filing, Dominic E. Draye, is a member in good standing of the bar of this Court.

/s/ *Dominic E. Draye*
Dominic E. Draye

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on October 13, 2026. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Dominic E. Draye*
Dominic E. Draye